1  RONALD W. BROWN, ESQ. (SBN 107340)

2  CARRIE E. BUSHMAN, ESQ. (SBN 186130)

3  BARBARA A. COTTER, ESQ. (SBN 142590)

**COOK BROWN, LLP**

4  555 CAPITOL MALL, SUITE 425

5  SACRAMENTO, CALIFORNIA 95814

6  T.: 916.442.3100 | F.: 916.442.4227

7  rbrown@cookbrown.com

cbushman@cookbrown.com

8  bcotter@cookbrown.com

9

10  Attorneys for Defendant CAMPBELL SOUP SUPPLY COMPANY, LLC

11

12  KENNETH S. GAINES, ESQ. (SBN 049045)

DANIEL F. GAINES, ESQ. (SBN 251488)

13  ALEX P. KATOFSKY, ESQ. (SBN 202754)

**GAINES & GAINES, APLC**

14  21550 OXNARD STREET, SUITE 980

15  WOODLAND HILLS, CALIFORNIA 91367

16  T.: 818.703.8985 | F.: 818.703.8984

17  ken@gaineslawfirm.com

daniel@gaineslawfirm.com

18  alex@gaineslawfirm.com

19                                                              **STIPULATED PROTECTIVE ORDER**

20                                                              **Case No. 2:13-cv-01332-GEB-KJN**

G:\DOCS\KJN\Robbin\signed\13-1332 McCrary v. Campbell Soup Stipulated Protective Order.docx     1

Attorneys for Plaintiff DANNY McCRARY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY McCRARY, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>CAMPBELL SOUP SUPPLY COMPANY, L.L.C.; a Delaware limited liability company,<br><br>　　　　　　　Defendants. | Case No. 2:13-CV-01332-GEB-KJN<br><br>**STIPULATED PROTECTIVE ORDER** |

## **STIPULATION**

Defendant, Campbell Soup Supply Company LLC, by and through its undersigned counsel, and Plaintiff, Danny McCrary, by and through his undersigned counsel, hereby agree to the entry of the Protective Order below.

## **ORDER**

Pursuant to Federal Rules of Civil Procedure 26(c) and the stipulation of the parties, the Court hereby enters the following Protective Order.

**A.　Scope of Protective Order**

1. This Protective Order shall govern the use and disclosure of certain sensitive and confidential information designated in good faith by a party to this litigation as being "Confidential," as set forth below, and which is contained in (a) any documents, written discovery responses, or tangible evidence produced in this litigation by means of discovery and/or (b) any transcripts of depositions taken in this action. This Protective Order establishes a procedure for the expeditious handling of such Confidential information; it shall not be construed as an agreement or as creating any presumption on the confidentiality of any document.

2. The attorneys of record, and all others to whom any such designated Confidential information and material is disclosed, shall maintain such designated Confidential information and material in strict confidence, shall not disclose such designated Confidential information and material except in accordance with this Protective Order, and shall use such designated Confidential information and material solely for this litigation. All produced Confidential information and material shall be carefully maintained in secure facilities (such as law firm offices), and access to such Confidential information and material shall be permitted only to persons properly having access thereto under the terms of this Protective Order.

**B.     Confidential Information or Material**

3. Any party claiming that documents, written discovery responses, or tangible evidence constitute or include Confidential information or material shall mark those portions of the material considered in good faith to be confidential (in such manner as will not interfere with the legibility thereof) with the legend: "Confidential." Deposition testimony may be designated as "Confidential" by invoking this Protective Order on the record with respect to specific designated testimony, or by using the procedure described in Paragraph 5 of this section.

4. By designating material as Confidential, the parties and their counsel represent that they have a good faith belief that the materials so designated contain sensitive, non-public, confidential information, such as (a)Personnel files and information; (b) either party's accounting information or tax records, or (c) income statements, balance sheets, or documents that otherwise describe, contain or disclose internal company information, including human resources policies and other similar internal company policies; where all such information is not readily ascertainable and which the party asserting confidentiality has taken reasonable steps to maintain its confidentiality.

5. If depositions are conducted which involve confidential information, each party shall have until thirty (30) days after receipt of the deposition transcript within which to inform the other party of the portions of the transcript (by specific page and line reference) to be designated Confidential.  Prior to the expiration of the thirty (30) day period, the entire deposition transcript shall be treated as Confidential information.

6. Confidential information or material (including any copies thereof, notes made therefrom, and the information contained therein) may be disclosed only to the following persons:

6.1 Authors, originators, or original recipients of the Confidential information or material.

6.2 The parties to this action.

6.3 Employees, officers and directors of a party to this action, to the extent that such employees, officers and directors have a need to know the Confidential information for the conduct of this litigation.

6.4 The attorneys of record in this litigation and their employees or contract personnel retained by such attorneys' offices (such as secretaries, legal assistants, and document copying,

coding, or imaging services) to whom it is necessary to disclose such information or material in furtherance of the prosecution or defense of this action, any insurance representative to whom it is necessary to disclose such information or material, and any mediator selected to mediate this matter; provided, however, that the attorneys of record utilizing such personnel shall be responsible for ensuring compliance with this Protective Order with respect to all such contract personnel and third party vendors.

6.5    The Court and its personnel, as necessary in support of motions, pleading and other court papers and proceedings.

6.6    Court reporters and their assistants, to the extent reasonably necessary for the reporting of depositions and hearings.

6.7    Non-party witnesses who, prior to receiving Confidential information, have received a copy of this Protective Order and signed an agreement (in substantially the form presented in Exhibit A hereto) to be bound by its terms and to refrain from redistributing all such information. Such lay witnesses shall have access to Confidential information only if the disclosing party has a good faith belief disclosure is necessary and the disclosure is only for purposes limited to participation in this litigation (i.e., testimony, deposition preparation, interviews yielding affidavits or declarations, etc.).

6.8    Experts retained by an attorney to whom disclosure may be made pursuant to Paragraph 6.4, but only to the extent that the expert, prior to receiving any Confidential information or material, has received a copy of this Protective Order and signed an agreement (in substantially the form presented in Exhibit A hereto) to be bound by its terms, including his/her agreement not to divulge any Confidential information or material to any other person, his/her agreement not to use any Confidential information or material for any purpose other than this litigation, his/her consent to

Case No. 2:13-cv-01332-GEB-KJN

G:\DOCS\KJN\Robbin\signed\13-1332 McCrary v. Campbell Soup Stipulated Protective Order.docx

5

the jurisdiction and contempt power of this Court with respect to the enforcement of the order, and his/her agreement to return to the disclosing attorney within twenty (20) days after termination of this litigation (a) all documents and other material containing designated Confidential information and material received by him/her and all copies thereof and (b) all reports, correspondence and other tangible things in his/her possession or control which contain, reference, or describe any Confidential information, or material disclosed to such expert.

7. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any party of its own documents, information, or material.

8. By agreeing to the entry of this Protective Order, neither party waives its or his/her right to seek greater protection of documents, information, or things than the protection afforded by this Protective Order.

**C.    Filing Confidential Information or Material**

9. Any party who wishes to file Confidential information or material will follow the procedure set forth in Eastern District of California Local Rule 141.1, including without limitation Local Rule 141.1(e), which provides: "Documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained in compliance with Local Rule 141."

**D.    Confidentiality Challenge**

10. If a party challenges the confidential designation of any document or information, it shall so notify the designating party in writing and provide that party thirty (30) calendar days in which to consider the challenge. The parties agree that, during that period, they will make a good faith effort to resolve any disputes concerning the treatment of Confidential information or material.

If the matter has not been resolved, the party advocating confidentiality must move for such protection under Rule 26(c), or the designation shall be deemed abandoned.

### E. No Waiver of Privilege

11. To expedite the production of information, a party may inadvertently produce documents that are privileged, including but not limited to documents protected by the attorney-client privilege, work product doctrine, or mediation privilege (together, all inadvertently produced documents shall be a "Privileged Document"). Pursuant to Federal Rules of Evidence 502(b), production of a Privileged Document shall not be deemed a waiver of any applicable privilege. Upon discovery that a Privileged Document has been produced, the producing party shall promptly notify counsel for the other party who shall promptly return the Privileged Document and all copies of the Privileged Document. If a party contends that a Privileged Document has been erroneously designated as such, the party will nevertheless return the Privileged Document and all copies of the Privileged Document to the party asserting the privilege. The parties reserve the right to contest any determination that a document is privileged or is otherwise protected from disclosure.

### F. Termination

12. After the termination of this action, this Order shall continue to be binding upon the parties hereto and upon all persons to whom Confidential information or materials has been disclosed or communicated.

### G. Return of Documents

13. No later than sixty (60) days following the "conclusion of these proceedings" as defined herein, counsel shall return all documents and materials designated as Confidential to counsel for the other party, together with all abstracts, copies, and other documents containing any

information contained within the documents (except that counsel for each party may maintain in its files copies of each document filed with the Court).  Alternatively, the parties may agree upon appropriate methods of destruction.  "Conclusion of these proceedings" refers to the conclusion of this matter by trial or settlement and, if concluded by trial, the exhaustion of available appeals, or the running of time for taking such appeals, as provided by applicable law.

14.   This Order does not preclude a party from retaining custody of its own Confidential information or material at the "conclusion of these proceedings" as defined in paragraph 13 when not commingled with confidential information of other persons or parties.

**H.   Modification**

15.   This Order may be modified in the event that that parties agree in writing to a modification of the provisions and such modification is approved by this Court, or upon either party's application to the Court for modification.

**I.   Remedies**

16.   The parties expressly acknowledge and agree that all remedies under Federal Rules of Civil Procedure 37 will be available to the Court, in its discretion, to sanction any violation of this Order.

**J.   Retention of Jurisdiction**

17.   The parties and any other person subject to the terms of this Order agree that this Court has and retains jurisdiction during this action.

DATED:  December 23, 2013                COOK BROWN, LLP

By: _____

| | | |
|---|---|---|
| 1 | | RONALD W. BROWN, ESQ. |
| 2 | | CARRIE E. BUSHMAN, ESQ. |
| 3 | | BARBARA A. COTTER, ESQ. |
| | | Attorneys for Defendant |
| 4 | | CAMPBELL SOUP SUPPLY COMPANY, LLC |
| 5 | | |
| 6 | DATED:  December 23, 2013 | GAINES & GAINES, APLC |
| 7 | | By: _____ |
| 8 | | KENNETH S. GAINES, ESQ. |
| | | DANIEL F. GAINES, ESQ. |
| 9 | | ALEX P. KATOFSKY, ESQ. |
| 10 | | Attorneys for Plaintiff |
| 11 | | DANNY McCRARY |

APPROVED AND SO ORDERED.

**Dated:  December 23, 2013**

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

**STIPULATED PROTECTIVE ORDER**

**Case No. 2:13-cv-01332-GEB-KJN**

G:\DOCS\KJN\Robbin\signed\13-1332 McCrary v. Campbell Soup Stipulated Protective Order.docx

9

# EXHIBIT A

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, hereby acknowledge that I have received a copy of the Stipulation and Protective Order entered in the matter of Danny McCrary v. Campbell Soup Supply Company, in the United States District Court for the Eastern District of California, Case No. 2:13-CV-01332-GEB-KJN.  I have read and agree to be bound by all of the provisions of the Stipulation and Protective Order.  I agree (a) not to divulge any Confidential information or material to any other person; and (b) not to use any Confidential information or material for any purpose other than this litigation.  In addition, I consent to the jurisdiction and contempt power of the United States District Court for the Eastern District of California, with respect to the enforcement of the Stipulation and Protective Order.

DATED: _____, 2013

_____

[*Signature*]

_____

[*Print Name*]

**STIPULATED PROTECTIVE ORDER**

**Case No. 2:13-cv-01332-GEB-KJN**